UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DETTLINGER

    PLAINTIFF,

v.                                                                Case No.: 2:07-CV-12996

KMART CORPORATION, a Delaware                  Honorable Sean F. Cox
Corporation, and SEARS HOLDING
CORPORATION, a New York Corporation,

    DEFENDANTS.

_____/

# ORDER OF DISMISSAL
# FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff filed this action against Defendant Kmart Corporation on July 18, 2007, asserting subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. §1332. On August 3, 2007, Plaintiff filed an Amended Complaint, adding Sears Holding Corporation as a Defendant.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Having reviewed Plaintiff's complaint, and Plaintiff's Amended Complaint, this Court was not persuaded that Plaintiff had adequately alleged the necessary facts to establish the existence of diversity jurisdiction.

Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties. Plaintiff alleges that the matter in controversy exceeds $75,000, and that she is a citizen of Michigan. Plaintiff

has failed, however, to sufficiently allege the citizenship of the Defendants in this action.

For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and, additionally, of the state in which it has its principal place of business. 28 U.S.C. §1332(c)(1). Because Defendants are corporations, each of them is therefore deemed to be a citizen of the state in which it was incorporated and the state in which it has its principal place of business. Plaintiff's complaint, however, contains no allegations as to either Defendant's principal places of business.

As a result, on August 23, 2007, this Court issued an Order to Show Cause, ordering Plaintiff to show cause in writing, on or before September 3, 2007, why this case should not be dismissed for lack of subject matter jurisdiction. To date, however, Plaintiff has failed to respond to that order.

The Court concludes that Plaintiff has not established diversity jurisdiction in this matter and accordingly, **IT IS ORDERED** that this action is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

**IT IS SO ORDERED.**

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: September 12, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez<br>
Case Manager